UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARC ALLEN BENNETT, )
)
      Plaintiff, )
)
v. ) 17-CV-2294
)
SCOTT RIPLEY, *et al.*, )
)
      Defendants. )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

    The plaintiff, proceeding *pro se*, and currently housed at the Will County Adult Detention Facility, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

    In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

    Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendant Whalen, a Manteno police officer, arrested him twice for no good reason, and that Defendant Whalen mistreated him. On one of those occasions, plaintiff alleges that Defendant Thompson, another police officer, told Whalen to arrest

plaintiff.  Plaintiff alleges that Defendant Bukowski held him in the Kankakee County Jail and violated plaintiff's rights "many times." Finally, plaintiff alleges that Scott Ripley, an assistant state's attorney, indicted him on both occasions.  Plaintiff alleges that he sustained injuries and lost possessions.

Defendant Ripley is entitled to absolute immunity from suit when performing duties in his capacity as a prosecutor.  *See Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012).  Therefore, he will be dismissed.  Plaintiff's claims regarding his arrests and the conditions at Kankakee County Jail are unrelated and against different defendants.  Plaintiff may not bring these claims in the same lawsuit.  *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

IT IS THEREFORE ORDERED:

1. The plaintiff's complaint is dismissed, without prejudice, for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.  This case is closed. All pending motions are deemed MOOT.

2. The plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of the plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 1st day of February, 2018

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE